IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

*In re Application of Issac Levi Pilant,*

REQUEST FOR DISCOVERY
PURSUANT TO
28 U.S.C. §1782

Case No. 25-mc-760-
JMA

------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF AN <u>APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. §1782</u>

*/s/ Noam Schreiber*
Noam Schreiber, Esq.
(*pro hac vice*)
ZELL, ARON & CO.
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
*Email: noam.schreiber@fandz.com*

*/s/ L. Marc Zell*
L. Marc Zell, Esq.
*Of Counsel*
ZELL, ARON & CO.
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
*Email: mzell@fandz.com*

*/s/ Jeffrey E. Michels*
Jeffrey E. Michels, Esq.
Zell & Associates International
Advocates LLC
1345 6th Avenue 2nd Floor
New York, New York, 10105
Telephone: (212) 971-1349

*Counsel for Applicant*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................i

TABLE OF AUTHORITIES ...........................................................ii

INTRODUCTION ......................................................................... 1

JURISDICTION .......................................................................... 1

THE PREDICATE ISRAELI PROCEEDING ................................ 2

DEMOCRACY FOR THE ARAB WORLD NOW, INC./WHITSON ........5

ARGUMENT .............................................................................. 8

  A.  THIS APPLICATION SATISFIES THE STATUTORY
REQUIREMENTS OF 28 U.S.C. §1782 ................................... 10

    1.  The §1782 witnesses are "found" in this district ........................ 10

    2.  The discovery is for use in a
proceeding before a foreign tribunal ................................. 11

    3.  The application is made by an interested person........................ 15

  B.  *INTEL*'S DISCRETIONARY FACTORS STRONGLY
FAVOR GRANTING THE APPLICATION .................................. 16

    1.  DAWN and Whitson are not parties
to the Israeli Proceeding ................................................. 16

    2.  The character and nature of the
Israeli Proceeding are consistent with the relief
sought here and an Israeli court would be receptive
to judicial assistance from the United States .................................. 16

    3.  The instant request is not an attempt to
circumvent discovery restrictions in the Israeli Proceeding ........... 17

    4.  The instant request will not be unduly
burdensome on DAWN or Whitson ................................................ 18

CONCLUSION ............................................................................ 18

## TABLE OF AUTHORITIES

**Supreme Court Cases**

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004).............................................................. 9, 10, 12, 16


**Other Cases**

*Lancaster Factoring Co., Ltd. v. Mangone*,
   90 F.3d 38 (2d Cir. 1996) ........................................................ 15

*Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*,
   613 F. App'x 319 (5th Cir. 2015) ........................................... 13

*Ex Parte Darmon*,
   2017 WL 3283969 (N.D. Cal. Aug. 2, 2017) ................................... 11, 17

*Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*,
   27 F.4th 136, 147 (2d Cir. 2022)........................................... 9, 10

*Goenechea v. Davidoff*,
   2016 WL 560689 (D. Md. Feb. 11, 2016) ............................................. 13

*IJK Palm LLC v. Anholt Servs. USA, Inc.*,
   33 F.4th 669 (2d Cir. 2022)..................................................... 12

*In Matter of Application of Action & Prot. Found. Daniel Bodnar*,
   2014 WL 2795832 (N.D. Cal. June 19, 2014)........................................ 15

*In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*,
   195 F. Supp. 3d 899 (S.D. Tex. 2016)..................................... 17

*In re del Valle Ruiz*,
   939 F.3d 520 (2d Cir. 2019) ...................................................... 10

*In re O'Keeffe*,
　660 F. App'x 871 (11th Cir. 2016) ........................................................15

*Mees v. Buiter*,
　793 F.3d 291 (2d Cir. 2015) .........................................................12, 15

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
　747 F.3d 1262 (11th Cir. 2014)...........................................................13

**Statutes**

28 U.S.C. §1782 ...................................................................... *passim*

**Other Authorities**

Executive Order 14115, *Imposing Certain Sanctions on Persons Undermining Peace, Security, and Stability in the West Bank*,
　89 Fed. Reg. 7605,  2024 WL 404478 (Feb. 1, 2024) ..............................3

Executive Order 14148, *Initial Rescissions of Harmful Executive Orders and Actions*,
　90 Fed. Reg. 8237, 2025 WL 305765 (Jan. 20, 2025) ............................3

## **INTRODUCTION**

This memorandum of law is submitted in support of Petitioner's application seeking an order pursuant to 28 U.S.C. §1782 to receive discovery in the form of depositions and documents from a New York-based organization, Democracy for the Arab World Now, Inc. ("DAWN") and its executive director, Sarah Leah Whitson ("Whitson"). The discovery being sought will assist the Applicant, a dual U.S.-Israeli national, Issac Levi Pilant ("Pilant" or "Applicant"), in litigating a claim in the Tel Aviv Magistrate Court in Israel against an Israeli organization known as "Yesh Din" (the "Israeli Proceeding."). A copy of the §1782 subpoenas are attached to this Memorandum as **Exhibit A**.

As demonstrated below, this Application meets all the statutory and discretionary requirements necessary to obtain discovery under §1782.

## **JURISDICTION**

Jurisdiction is proper pursuant to 28 U.S.C. §1782 as this Application is for discovery from an entity and an individual "found" in this district.

## THE PREDICATE ISRAELI PROCEEDING

The foregoing is based on a declaration of Applicant Issac Levi Pilant ("Pilant Decl."), attached here as **Exhibit B**. The Applicant is a dual U.S.-Israeli citizen residing in the community of Yitzhar, in the northern region of Judea and Samaria, Israel. Pilant is 39 years old, married and the father of eight children. Pilant served, and continues to serve, as the head of security for Yitzhar and, in the wake of the October 7 massacre, was drafted into the Israel Defense Force ("IDF") as the commander of the "Hagmar" (regional defense unit, "RDU") tasked with securing Yitzhar and preventing a similar October 7 massacre. Since October 7, Pilant has been the Captain of the RDU of Yizhar with approximately 60 reserve soldiers under his command. [Pilant Decl., ¶5].

On August 28, 2024, an Israeli non-profit organization— Yesh Din-Volunteers For Human Rights ("Yesh Din") – published a series of highly offensive posts on its "X" account, falsely accusing Pilant of routinely engaging in violent conduct toward Palestinian Arabs and their property. [Pilant Decl., ¶6]. On the same day – August 28, 2024 – the previous U.S. administration announced that Pilant was being sanctioned under Executive Order 14115, *Imposing Certain Sanctions on Persons*

*Undermining Peace, Security, and Stability in the West Bank*, 89 Fed. Reg. 7605, 2024 WL 404478 (Feb. 1, 2024) ("EO 14115"). Pilant was then placed on the Special Designated Persons List ("SDN list") maintained by the Office of Foreign Asset Control ("OFAC"). [Pilant Decl., ¶6]. Immediately thereafter, Pilant's bank accounts and credit cards were frozen and inaccessible.

Approximately five months later, on January 20, 2025, President Donald Trump signed a new Executive Order 14148, *Initial Rescissions of Harmful Executive Orders and Actions*, 90 Fed. Reg. 8237, 2025 WL 305765 (Jan. 20, 2025), terminating EO 14115. As a result, Pilant was removed from the SDN list. *See* notice from OFAC here, "Termination of Emergency With Respect to the Situation in the West Bank; West Bank-related Designation Removals."

Pilant has engaged counsel to commence a lawsuit against Yesh Din in Israel under Israel's Prohibition against Defamation Act, 5725-1965 (the "Act"). Counsel for Pilant are continuing to investigate the claims and have drafted a civil complaint against Yesh Din that Pilant has authorized to file. Under Israel's venue statute, the lawsuit will be

filed in the Tel Aviv Magistrate Court. An English version of the Complaint is attached to this Memorandum as **<u>Exhibit C</u>** ("Complaint").

In the context of the Israeli Proceeding, the Applicant maintains, *inter alia*, that Yesh Din is liable towards Pilant for multiple defamatory publications under the Act. [Complaint, ¶¶29-52]. Pilant also maintains that Yesh Din was actively involved in providing false and offensive accusations to various third parties, including members and employees of the previous U.S. administration and various organizations – including DAWN – who further spread the false accusations to the public and funneled the false information to members of the previous U.S. administration which ultimately led to Pilant being placed on the SDN list. [Complaint, ¶¶26-28]. Moreover, Pilant alleges that Yesh Din's false publications, reports and "evidence" were used by various third parties – including DAWN – and U.S. governmental agencies. [Complaint, ¶¶27-28].

As discussed in more detail below, Pilant seeks information from DAWN and Whitson who were one of the third parties who used the false reports and "evidence" from Yesh Din and aided and abetted the spread of the false reports concerning Pilant.

4

## DEMOCRACY FOR THE ARAB WORLD NOW, INC./WHITSON

DAWN is a N.Y.-based non-profit organization, having its offices at 491 Pacific Street, Brooklyn, N.Y., 11217. According to its website, "DAWN is a nonprofit organization that supports democracy and human rights in the Middle East and North Africa (MENA)." Whitson is the executive director of DAWN.

On August 26, 2024 – two days before Yesh Din's "X" posts and the previous U.S. administration's placement of Pilant on the SDN list – DAWN published an article entitled ***US: Sanction Israeli MK Sukkot, Security Officer Yitzhak Filant* [sic] *and Yitzhar Settlement Leadership for Promoting Violence Against Palestinian Civilians***, available here ("DAWN Article"). The DAWN Article contains numerous and severe allegations against Pilant. The following are several examples (verbatim):

(1) Yitzhar settlement leaders Sukkot, Filant [*sic*], and the administration at Od Yosef Chai fuel extremism, orchestrate settler violence and drive deadly attacks on neighboring West Bank villages;

(2) [...] these Israeli leaders have directly contributed to violence and instability in the West Bank through ideologically motivated crimes against Palestinian civilians, including violent attacks on

5

Palestinians and their homes and schools, and the dispossession and seizure of private Palestinian property;

(3) Yitzhak Levy Filant [*sic*]: As Yitzhar's Civilian Security Officer (or "ravshatz"), Filant [*sic*] plays a central role in orchestrating violence against civilians in nearby Palestinian villages. Human rights groups, Israeli and Palestinian media, and eyewitnesses have documented over a dozen incidents of Filant's [*sic*] participation and leadership in ***violent assaults***, ***shootings***, ***threats at gunpoint***, ***arson***, and ***property destruction*** targeting Palestinian civilians between October 2019 and February 2024. In these incidents, Filant [*sic*] has either personally conducted or directed settler and military violence against Palestinian civilians, and in particular, those engaging in agriculture in the area. Most recently, on February 17, 2024, Filant [*sic*] and other settlers set up a makeshift roadblock outside the village of Asira al-Qibliya and forcibly removed three Palestinian civilians from a car, ***assaulted*** them, and ***threatened to burn the vehicle if they returned***. As a security leader of the settlement, Filant [*sic*] also has failed to prevent, discourage, condemn, or stop other settlers from carrying out violence and threats of violence against Palestinians and their property.

[emphasis added].

In addition, at around the same time, DAWN submitted a 23-page document to the U.S. Department of State and Treasury where it provided:

> detailed and comprehensive evidence about how these Israeli leaders have directly contributed to violence and instability in the West Bank through ideologically motivated crimes against Palestinian civilians, including violent attacks on Palestinians and their homes and schools, and the dispossession and seizure of private Palestinian property.

Notably, DAWN is known to have direct communications with key members of the previous Biden Administration. *See* Adam Kredo, *Biden Admin Officials Coordinated With Anti-Israel Group To Isolate Israeli Jews in West Bank, Emails Show*, THE WASHINGTON FREE BEACON (May 6, 2024) (documenting emails from DAWN employees to key officials in the Department of State and vis versa), available [here](#).

Also notably is the connection between DAWN and Yesh Din. For example, the Director of Research for Israel-Palestine at DAWN, Michael Omer-Man, has exchanged information with Yesh Din's executive director, Ziv Stahl, on the topic of the so-called "settler violence." *See* Michael Omer-Man, *Israeli Settler Violence Is State Violence* (June 29, 2023) [available [here](#)]. In that same article, Omer-Man relies extensively on reports made by Yesh Din.  In addition, Israel-based Advocate Michael Sfard, serves both as non-resident fellow at DAWN and the legal advisor to Yesh Din.[1] *See* DAWN press release, *DAWN Expands Expertise in*

---

[1] *See* also the following DAWN articles/reports which rely upon false reporting of Yesh Din:

- Israel: Netzah Yehudah Battalion Carries Out War Crimes In the West Bank, Including the Killing of Palestinian-American Omar Assad (November 29, 2022) [available [here](#)];
- DAWN's Article 15 Submission to the Office of the Prosecutor of the International Criminal Court (November 29, 2022) [available [here](#)]
- Yara M. Asi, Israel's Escalating War on Palestinian Civil Society and Basic Rights (October 28, 2021) [available [here](#)];

*Israel-Palestine, Sudan, Iran, and Tunisia With Five Prominent New Non-Resident Fellows* (June 12, 2023) [available here].

As mentioned above, two days after the publication of the DAWN Article, the previous Biden Administration announced that it had sanctioned Pilant under Executive Order 14115.

## ARGUMENT

Under §1782, a party to a litigation in a foreign country can seek discovery for use in that litigation in a federal district court. That section provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

---

- Joel Beinin, Israel's Negev Summit Consolidated a Reactionary Axis in the Middle East (April 5, 2022) [available here];
- Michael Omer-Man, *Why There Can Be No Justice for Shireen Abu Akleh in Israel* (May 26, 2022) [available here];
- Michael Lynk, *Calling Israeli Apartheid What It Is* (June 22, 2022) [available here];
- U.S.: Investigate and Hold Accountable Israeli Forces Responsible for Killing of U.S. Citizen Aysenur Eygi (September 13, 2023) [available here].

Analysis under Section 1782 is made in a two-step process which consists of (a) a review of the statutory requirements and (b) weighing the discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004); *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 147 (2d Cir. 2022) (describing the two-step process).

Once the statutory factors have been met, §1782 authorizes, but does not require, that judicial assistance be granted, which is subject to the discretion of the district court. The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a §1782 request: **(1)** whether the "person from whom discovery is sought is a participant in the foreign proceeding"; **(2)** "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; **(3)** whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and **(4)** whether the request is "unduly intrusive or burdensome." *Intel*,

542 U.S. at 264-265. Both the statutory and *Intel* factors are satisfied here.

## A. THIS APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. §1782

Section 1782 applicants need to demonstrate that the three statutory requirements are satisfied. These requirements are: **(1)** that the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made; **(2)** the discovery is for use in a proceeding before a foreign tribunal; and **(3)** that the application is made by a foreign or international tribunal or any interested person. *Fed. Republic of Nigeria,* 27 F.4th at 148. Each of the three statutory criteria are easily satisfied.

### 1. The §1782 witnesses are "found" in this district

### (a)    DAWN is found in this district

Section 1782's "resides or is found" language extends to the limits of personal jurisdiction consistent with due process. *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). DAWN is incorporated in Delaware and has its principal place of business at 491 Pacific Street, Brooklyn, N.Y., 11217. The following is an excerpt from DAWN's 990 form from 2023.

Form 990 — Return of Organization Exempt From Income Tax — OMB No. 1545-0047 — 2023

Name of organization: DEMOCRACY FOR THE ARAB WORLD NOW, INC.
Number and street: 491 PACIFIC STREET
City or town: BROOKLYN, NY 11217
F Name and address of principal officer: SARAH L. WHITSON, SAME AS C ABOVE
Employer identification number: 82-4378001
Telephone number: (201) 328-7788
G Gross receipts $ 824,402.
J Website: HTTPS://DAWNMENA.ORG
L Year of formation: 2018    M State of legal domicile: DE

Accordingly, DAWN is found in this district and the first of the three §1782 statutory requirements is satisfied.

**(b)    Sarah Leah Whitson is found in this district**

Sarah Whitson is also found in this district. *See* above, DAWN's form 990.

## 2. The discovery is for use in a proceeding before a foreign tribunal

Courts in Israel are foreign tribunals within the meaning of §1782. *see also Ex Parte Darmon*, 2017 WL 3283969 at *3 (N.D. Cal. Aug. 2, 2017) (Israeli court is a "foreign tribunal" for §1782 purposes).

In addition, the discovery is intended "for use" in the Israeli Proceeding. Under §1782, a movant seeking discovery need not show that the "foreign proceeding" on which it relies is pending or even imminent

11

in order to meet the "for use" requirement. *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 677 (2d Cir. 2022):

> Under §1782, a movant seeking discovery need not show that the "foreign proceeding" on which it relies is pending or even imminent in order to meet the "for use" requirement. […] But the proceeding must be "within reasonable contemplation." […] This requires a petitioner to show "reliable indications of the likelihood that proceedings will be instituted within a reasonable time." […] While we have not delineated "what precisely an applicant must show to establish such indications ... [a]t a minimum, a §1782 applicant must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." […] And "a Section 1782 applicant must establish that [it] has the practical ability to inject the requested information into [the] foreign proceeding" that it contemplates.

See also *Intel Corp.*, 542 U.S. at 249 n. 3.

Here, the Israeli Proceeding is "within reasonable contemplation." Although Pilant's counsel in Israel (including the undersigned) are still investigating and gathering information, they have put together the lawsuit which is ready to be filed in the Tel Aviv Magistrate Court. As discussed above, a translation of the draft complaint is attached to this Memorandum. The Israeli Proceeding, hence, is not "just a twinkle in counsel's eyes." *IJK Palm LLC,* 33 F.4th at 677; *see also Mees v. Buiter*, 793 F.3d 291, 299-301 (2d Cir. 2015) (applicant satisfied the "for use"

requirement by explaining that the discovery she sought would be used to plead and prove her defamation claim, even though the proceeding was not already pending and she did not need the requested materials to draft an adequate complaint); *see also Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 323 (5th Cir. 2015) (foreign proceeding was within reasonable contemplation, despite a seven-year delay between the underlying event and the request for judicial assistance, where applicant's attorney submitted affidavit averring that an action would be filed imminently and laid out the facts that gave rise to the prospective lawsuit); *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (finding that the foreign proceeding was reasonably contemplated where the petitioner provided a facially legitimate and detailed explanation of its investigation and its intention to bring a civil action); *Goenechea v. Davidoff*, 2016 WL 560689, at *3 (D. Md. Feb. 11, 2016) (same).

In addition, the discovery being sought is relevant to and can be used in the Israeli Proceeding. The Applicant seeks information that directly concerns the scope and extent to Yesh Din's defamatory

publications. In particular, the Applicant seeks information and documents showing that DAWN and its officers/employees used or otherwise relied upon false reports, evidence, documents, information etc. created, produced or disseminated by Yesh Din. The Applicant further seeks information and documentation demonstrating that DAWN and its officers/employees then used these false reports, evidence, documents, information etc. in formulating DAWN's own allegations and sending them to additional third parties. *See* **Exhibit A** to this Memorandum (subpoenas) which detail the discovery being sought.

That discovery is fundamental to the Israeli Proceeding because one of the central claims is that Yesh Din's false reporting ultimately led to the sanctioning of Pilant. That claim necessarily turns on the exchanges of information and other documents between Yesh Din and DAWN and between DAWN and other third parties. The relevancy and importance of the sought-after discovery touches upon both ultimate liability of Yesh Din and the extent of damages owed to Pilant.

Additionally, the Applicant alleges in the Israel Proceeding that Yesh Din spread its false reports with the knowledge that the allegations concerning Pilant were false. [*See*, for example, Complaint, ¶61]. The

14

discovery being sought through this §1782 proceeding can lead to information that will assist Pilant and his legal team to ascertain the level of recklessness in creating these false narratives.

All in all, the discovery being sought squarely falls within the "for use" requirement under 28 U.S.C. §1782. *Mees*, 793 F.3d at 299-301. *See also In re O'Keeffe*, 660 F. App'x 871, 874 (11th Cir. 2016) (affirming lower court's grant of §1782 application in connection with a foreign defamation lawsuit); *In Matter of Application of Action & Prot. Found. Daniel Bodnar*, 2014 WL 2795832, at *5 (N.D. Cal. June 19, 2014) (same).

### 3. The application is made by an interested person

The Applicant is the plaintiff in the Israeli Proceeding and plainly an "interested persons" within the ambit of §1782. *Lancaster Factoring Co., Ltd. v. Mangone,* 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to 1782 makes plain that 'interested person' includes a party to the foreign litigation.").

Accordingly, all three of §1782's statutory requirements are satisfied.

## B. *INTEL*'S DISCRETIONARY FACTORS STRONGLY FAVOR GRANTING THE APPLICATION

### 1. DAWN and Whitson are not parties to the Israeli Proceeding

*Intel's* first discretionary factor is whether the "foreign tribunal has jurisdiction over those appearing before it and whether it can itself order them to produce evidence." *Intel*, 542 U.S. at 264.  Neither DAWN nor Whitson are parties to the Israeli Proceeding. The Israeli court will not have jurisdiction over DAWN or Whitson and will not have the power to order any discovery from them.  Thus, the first discretionary factor weighs heavily in favor of granting the Application.

### 2. The character and nature of the Israeli Proceeding are consistent with the relief sought here and an Israeli court would be receptive to judicial assistance from the United States

*Intel's* second discretionary factor is whether the request for relief is consistent with the character and nature of the Israeli Proceeding and whether the foreign court is receptive to judicial assistance from the United States. *Intel,* 542 U.S. at 244. The nature of the proceedings before the Israeli court is similar to proceedings before federal and state courts of general jurisdiction in the United States. Specifically, the Israeli court

is a trial court and conducts impartial adversarial proceedings in which the litigants have a right to be heard, to present evidence, to have legal representation, and to appeal as of right. *See Ex Parte Darmon*, 2017 WL at *4 (second factor weighed in favor of discovery because Israeli proceeding was comparable to a civil action filed in a state or federal court).

Additionally, Israeli courts are receptive to evidence obtained from the United States. *See In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 905 (S.D. Tex. 2016) (second factor weighed in favor of discovery because the "[t]he parties do not dispute that Israeli courts are generally receptive to §1782 evidence").

### 3. The instant request is not an attempt to circumvent discovery restrictions in the Israeli Proceeding

This §1782 Application is not an effort to circumvent foreign proof gathering restrictions or another policy of Israel. Evidence from non-parties to an Israeli action is generally admissible provided that it otherwise satisfies the requirement for admissibility. Moreover, there is nothing that indicates that granting this request would undermine principles of comity or cooperation with the Israeli court. The very

opposite is true: the Israeli court is not opposed to these cross-border discovery proceedings.

### 4. The instant request will not be unduly burdensome on DAWN or Whitson

The instant request will not be unduly burdensome on DAWN and Whitson, thus satisfying the fourth and last *Intel* factor. The information sought is focused and limited on documents pertaining to (1) Pilant; (2) DAWN's communications with third parties concerning Pilant; and (3) communications between DAWN and Yesh Din concerning Pilant. Nothing indicates that this information will pose an unusual burden on DAWN or Whitson.

## <u>CONCLUSION</u>

Accordingly, and in light of the above, the Applicant respectfully requests that the Court grant the relief being sought pursuant to 28 U.S.C. §1782.

Dated: February 25, 2025.

Respectfully submitted,

_/s/ Noam Schreiber_
Noam Schreiber, Esq.
(_pro hac vice_)
ZELL, ARON & CO.
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
_Email:_ [noam.schreiber@fandz.com](mailto:noam.schreiber@fandz.com)

_/s/ L. Marc Zell_
L. Marc Zell, Esq.
_Of Counsel_
ZELL, ARON & CO.
34 Ben Yehuda St.
14th Floor
Jerusalem, Israel 9423001
011-972-2-633-6300
_Email:_ [mzell@fandz.com](mailto:mzell@fandz.com)

_/s/ Jeffrey E. Michels_
Jeffrey E. Michels, Esq.
Zell & Associates International
Advocates LLC
1345 6th Avenue 2nd Floor
New York, New York, 10105
Telephone: (212) 971-1349

_Counsel for Applicant_