# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* APPLICATION OF ISAAC LEVI PILANT, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No. 25-mc-760-JMA-LKE<br><br>**Notice of Motion** |

## AMERICAN CIVIL LIBERTIES UNION, NEW YORK CIVIL LIBERTIES UNION, AND HUMAN RIGHTS FIRST'S
## UNOPPOSED MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF

By this motion, the American Civil Liberties Union ("ACLU"), New York Civil Liberties Union ("NYCLU"), and Human Rights First ("HRF") (collectively, "amici") seek leave to file an amici curiae brief in support of Respondents' opposition to Petitioner's Application for Discovery Pursuant to 28 U.S.C. § 1782. In support of this motion, amici state as follows:

1. "District courts have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, NA., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citation omitted). *See also Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, No. CV 11-252 (AKT), 2014 WL 12843519, at *2 (E.D.N.Y. Mar. 31, 2014) (amicus brief is favored where "it will aid the Court in resolution of the issues before it," including by helping "insur[e] a complete and plenary presentation of [potentially] difficult issues so that the court may reach a proper decision[.]" (alterations in original and citations omitted)).

2. Amici offer unique information and perspective that will aid the Court. The ACLU is a nationwide, nonprofit organization that since 1920 has sought to protect the civil liberties of

all Americans. The New York Civil Liberties Union is the ACLU's New York affiliate. The ACLU and NYCLU have frequently appeared, as counsel to parties or as amicus, in cases raising significant questions about First Amendment protections for speech, association, and the right to petition, including in cases involving abusive or unjustified subpoenas and discovery demands. The ACLU and NYCLU also regularly publish reports addressing civil and human rights violations by government entities in the United States.

3. Human Rights First is a non-profit, nonpartisan international human rights organization based in New York and Washington, D.C. HRF engages in advocacy and litigation to create a just world in which every person's intrinsic human rights are respected and protected and to build societies that value and invest in all their people. Since 2017, HRF has helped lead an informal global coalition of more than 340 civil society organizations that advocates for the use of targeted human rights and corruption sanctions as a tool to promote accountability, including through the U.S. Global Magnitsky sanctions program and regionally-focused programs such as the West Bank program under which Petitioner was designated. HRF leads the coalition's efforts in the United States, and partners with nongovernmental organizations (NGOs) to submit confidential recommendations to the U.S. Treasury and State Departments to identify persons eligible for sanctions and visa restrictions under the Global Magnitsky and related sanctions and visa restriction programs. HRF and its coalition partners have provided more than 200 sanctions recommendations to the United States, Canada, United Kingdom, European Union, and Australia to date. HRF has a substantial interest in the issue before the Court and is well-suited to assist the Court in understanding how Petitioner's action, if successful, could have far-reaching consequences limiting how the U.S. government implements targeted human rights and corruption

sanctions and undermining the protections needed to ensure NGOs can continue sharing information critical to this process.

4. Amici's brief provides background and argument that supplement the briefs of the parties.

5. The brief provides background on the widespread practice of human rights organizations, including HRF, providing submissions to the U.S. government to inform determinations about the imposition of sanctions for human rights violations and corruption. U.S. law and policy encourage, and often require, the U.S. government to consider such information when making sanctions determinations. U.S. law and policy also recognize the critical importance of protecting the confidentiality of those submissions, because of the severe consequences—including harassment and violence—that can result if perpetrators of human rights violations are able to discover details about the organizations' submissions or the identities of witnesses and victims of human rights abuses with whom they have communicated.

6. The brief presents argument about the scope of protections offered by the First Amendment and reporter's privilege in the context of discovery requests under 28 U.S.C. § 1782, and why those protections apply to Respondents' associational, expressive, petitioning, and information-gathering activity. The brief also explains how, even if application of these privileges were uncertain, the Court has broad discretion under Section 1782 to deny a discovery request because it is overly burdensome and intrusive, and designed to circumvent U.S. policies and First Amendment interests. The protective measures imbedded in the U.S. government's sanctions framework, as well as the longstanding judicial and legislative commitment to safeguard a fundamental public interest in free speech and a free press, counsel in favor of denying the discovery application here.

7.     Counsel for Respondents consents to the filing of this brief. Counsel for Petitioner does not oppose the motion for leave to file the amicus brief. However, counsel for Petitioner asks amici to convey that its position "should not be construed as agreement with or endorsement of the arguments or positions that will be presented in the brief. Inasmuch as [counsel for Petitioner] have not had an opportunity to review [the] proposed brief, we take no position on the merits of those arguments."

For these reasons, amici seek leave to file an amici curiae brief, and request that the Court accept the accompanying brief as filed.

Dated: April 25, 2025

Respectfully submitted,

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler
Steven Watt*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org
swatt@aclu.org

Jennifer Stisa Granick**
American Civil Liberties Union Foundation
425 California Street, Seventh Floor
San Francisco, CA 94110
(415) 343-0758
jgranick@aclu.org

Amanda Strayer**
Human Rights First
825 21st Street NW
PMB 253
Washington, D.C. 20006
(202) 547-5692
strayera@humanrightsfirst.org

Molly K. Biklen
Robert Hodgson
New York Civil Liberties Union Foundation

125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org
rhodgson@nyclu.org

*Counsel for Proposed Amici*

\* *Application for reciprocity admission from S.D.N.Y. forthcoming*

\*\* *Application for admission pro hac vice forthcoming*

5