IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

*In re Application of Levi Issac Pilant,*

REQUEST FOR DISCOVERY PURSUANT TO
28 U.S.C. §1782

Case No. 25-misc. 760-JMA-LKE

-----------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF LEVI ISSAC PILANT

I, Levi Issac Pilant, pursuant to 28 U.S.C. §1746, declare under penalty of perjury as follows:

1. I submit this Supplemental Declaration to furnish additional facts relevant to my §1782 application regarding Democracy for the Arab World Now, Inc. ("DAWN"), *et al.*

2. The papers and declarations filed by DAWN and its supporters in this case emphasizes DAWN's provision of confidential information to the U.S. government in support of sanctions.

3. However, within hours of its "confidential" submission on August 26, 2024, DAWN's Executive Director, Sarah Whitson, publicly announced on DAWN's "X" account that she was "sharing our comprehensive dossier" on me, and linked to what she described as the full report. Although that link is now dead, the public announcement demonstrates DAWN's intention to treat the dossier as public, thereby undermining any claim that its contents are confidential.

4. DAWN asserts it targets "powerful" individuals. Let me make this clear: I am not by any means a "powerful" person in the way DAWN is referring. I am a 39-year-old dual citizen with no public office, no significant political or economic clout, and no criminal history or prior exposure to the issue of sanctions. I have no corporate board seats, no government appointments, and no independent means by which to vindicate or defend the harm to my reputation outside of this proceeding. Unlike DAWN, I do not receive grants from the Ford Foundation, or George Soros's Open Society Foundation.

5. I am not a public figure. A simple Google search of "Levi Issac Pilant" conducted as of April 2025 returns only two categories of results: (i) court filings in this §1782 matter, and (ii) DAWN's own public posts.

6. There is no evidence of any media coverage, published profile, or other public attention concerning me prior to DAWN's August 26, 2024 post. Indeed, before August 2024, my name did not appear in any major news outlet, academic journal, social-media biography, or government website,

1

and there is no indication I have ever sought or received public attention and, again, not a powerful one either.

7. DAWN repeatedly claims that it "investigated" my activities. In truth, DAWN cites no witness interviews, no sworn statements, no contemporaneous field reports, no police complaints or reports, and no chain of custody for any evidence. In violation of basic norms of journalist and investigatory rigor, DAWN made no effort to interview me, any neighbor, or many witnesses I could produce to my activities in the time period it describes.

8. In this case, DAWN's complete failure to investigate lead them to publicly call for sanctioning me despite the most easily verifiable fact – my U.S. citizenship – would make clear my ineligibility to foreign sanctions programs administered without the due process protections to which U.S. citizen are entitled. Even the slightest modicum of inquiry would reveal this information, which I do not hide in anyway. Thus is it difficult to credit Dawn's self-description as a Middle East focused Woodward & Bernstein.

### DAWN's Animus

9. DAWN believes that Israeli Jews do not have a right to live in Judea and Samaria, the entire region where I and 450,000 other Jews, reside. They believe our presence in and of itself is a war crime.

10. The fabrication against Jews of claims of heinous criminal wrongdoing against Jews with the intent of fomenting governmental reprisals is precisely the kind of blood-libel historically directed at Jewish communities. It is no coincidence that the director of Dawn MENA has a long history of antisemitic statements, including literal [blood libel](blood libel)s (assertions that Jews consume the blood of innocents):

2



11. And shortly after the Oct. 7th massacre, <u>she defended</u> the Hamas terrorist organization.



12. The malicious nature of these allegations—coupled with DAWN's prior animus—demonstrates a pattern of hostility, which is critical to my defamation claims in Israel.

13. If well-funded NGOs may cavalierly defame private people like me—then shield themselves from discovery simply by copying the government—defamation claims will become impossible to litigate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 30, 2025, in Jerusalem, Israel.

_____
Levi Isaac Pilant