**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| In re: APPLICATION OF ISAAC LEVI PILANT, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING |

Case No. 1:25-mc-00760-JMA-LKE

**MOTION OF FORMER NATIONAL SECURITY OFFICIALS AND JEWISH ORGANIZATIONS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PETITIONER'S MOTION FOR DISCOVERY**

Victoria Coates, Robert Greenway, StandWithUs Saidoff Legal, and the Zionist Organization of America (collectively, "Amici"), respectfully move this Court for leave to file an amicus curiae brief in the above-captioned matter. The grounds for this motion are set forth with particularity below. If permitted to appear, Amici request that this Court consider the brief submitted contemporaneously with this motion (Attachment A).

This Court has "broad discretion in deciding whether to accept *amicus* briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008). Such briefs are "desirable" when the "*amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Id*.; *see also SEC v. LG Cap. Funding, LLC*, 702 F. Supp. 3d 61, 76 (E.D.N.Y. 2023).

Leave to file is appropriate because individual and organizational Amici offer such unique professional insights and perspective, each of which will aid the Court. Amici's brief will

1

supplement, not duplicate, arguments that the parties have made. Organizational amicus **Zionist Organization of America (ZOA)**, as the oldest pro-Israel organization in the United States, is intimately familiar with the variety of lawfare tactics employed by those seeking to target Jews both in America and abroad and brings both its legal and political knowledge to bear here. **Victoria Coates**, currently the Vice President of the Kathryn and Shelby Cullom Davis Institute for National Security and Foreign Policy at The Heritage Foundation, is a former national security official who served as Deputy Assistant to the President and Deputy National Security Advisor for the Middle East and North Africa from 2019 to 2020. Before that role, she worked on the National Security Council staff in a variety of capacities from 2017 to 2020. **Robert Greenway**, Director of the Allison Center for National Security at The Heritage Foundation, previously served in a variety of roles on the National Security Council from 2017 to 2021, including as Senior Director of the National Security Council's Middle Eastern and North African Affairs Directorate.  Prior to his role on the NSC, he was a Senior Intelligence Officer at the Defense Intelligence Agency, and a combat veteran of the United States Army Special Forces.

Amici are well suited to assist the Court in understanding the national security risks implicated by the position Respondents and Amici in support of them advance. In particular, the brief will argue that, contrary to the assertions of Respondents and their supporting Amici, there is no default confidentiality rule that protects NGOs or their sources when sharing information with the U.S. Government. To impose one, as Respondents and their amici seek to do, would improperly grant NGOs the sweeping ability to shield themselves from unflattering discovery and allow them to disseminate false and defamatory information, with impunity. Such a lack of accountability poses serious national security risks and prevents the subjects of that false information from holding NGOs responsible for such misinformation.

2

Amici will argue that, as no such default rule of confidentiality exists, it is appropriate to consider the particular facts of each case. As to the facts here, Amici's brief will assist the Court in understanding the role that DAWN, in particular, plays in the sanctions regime and the fact that it is not an uninterested actor nor has it maintained any confidentiality about its role in sharing information about Petitioner with the U.S. Government.

Counsel for Petitioner consents to the filing of this motion. Counsel for Respondents does not oppose the motion, and asks amici to convey that:

> Respondents take no position on this untimely motion for leave to file the proposed amicus brief. If the Court were to find that the brief would aid its consideration of the issues and would not cause "unnecessary delay" in the proceedings, *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 2022 WL 3536117, at *1–2 (S.D.N.Y. Aug. 18, 2022), Respondents would respectfully request the opportunity to respond to the proposed amicus brief, see *Verizon New York Inc. v. Vill. of Westhampton Beach*, 2014 WL 12843519, at *2 (E.D.N.Y. Mar. 31, 2014); cf. Fed. R. App. P. 29(a)(6). Petitioner consents to Respondents' request to file a response to the proposed amicus brief, should the Court grant the instant motion.

For the foregoing reasons, this Court should grant Amici leave to file a brief as Amici Curiae in this case.

Dated: May 20, 2025                                    Respectfully Submitted,

                                                       /s/ *Joseph T. Burns*

                                                       Joseph T. Burns
                                                       jburns@holtzmanvogel.com
                                                       Susan Greene
                                                       sgreene@holtzmanvogel.com
                                                       Erielle Davidson
                                                       edavidson@holtzmanvogel.com
                                                       HOLTZMAN VOGEL BARAN
                                                       TORCHINSKY & JOSEFIAK PLLC

2300 N Street NW, Ste. 643
Washington, DC 20037

Deedee Bitran
STANDWITHUS SAIDOFF LEGAL
P.O. Box 341069
Los Angeles, CA 90034-1069
(310) 836-6140
Deedeeb@standwithus.com

Susan B. Tuchman
ZIONIST ORGANIZATION
OF AMERICA
633 Third Avenue,
Suite 31-B
New York, NY 10017

*Counsel for Proposed* Amici Curiae